**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JON DREW ROLAND, Trustee and** | § | |
| **Attorney-in-Fact for** | § | |
| **Shelley Sue Thomson,** | § | |
| | § | |
| **Plaintiff,** | § | **CIVIL ACTION NO.** |
| **v.** | § | |
| | § | **SA-07-CV-0157 OG (NN)** |
| **SAMUEL J. FOMON,** | § | |
| **STEVE D. TAYLOR,** | § | |
| **Unknown Trustees, Trust Beneficiaries,** | § | |
| **and Trust Employees or Officers,** | § | |
| **John Doe or Jane Roe 1-n,** | § | |
| | § | |
| **Defendants.** | § | |

<u>**MEMORANDUM AND RECOMMENDATION**</u>

**TO: Hon. Orlando Garcia**
**United States District Judge**

The matter before the Court is the status of this case and particularly plaintiff, Jon Drew Roland's failure to comply with the Court's Order to substitute (docket entry 10). Also before the Court is Shelley Sue Thomson's motion to stay (docket entry 21).

I have jurisdiction to enter this memorandum and recommendation under 28 U.S.C. § 636(b) and the district court's Order referring all pretrial matters to me for disposition by order and to aid the district court by recommendation where my authority as a Magistrate Judge is statutorily constrained.[1] After considering the motion, pleadings and other papers in this case, I recommend denying the pending motion to stay as moot and dismissing this case without prejudice.

---

[1] Docket Entry # 8.

## Procedural History

Plaintiff, Jon Drew Roland, filed this action on February 22, 2007, identifying himself as "Trustee and Attorney in Fact for Shelley Sue Thomson." In his complaint, captioned "Complaint for violations of Civil RICO, 18 U.S.C. §1964(c)," plaintiff alleged that he was trustee for Ms. Thomson; that Ms. Thomson was the primary heir of her mother, Louise G. Thomson's estate; that defendant Samuel J. Fomon, husband of the decedent and Executor of the Will, failed to deliver property to Ms. Thomson as directed by the Will and fraudulently concealed funds and property from Ms. Thomson; and that Fomon's attorney, Steve D. Taylor, and other unnamed persons participated in the concealment. Plaintiff alleges that defendants' use of the mails to perpetrate the concealment states a claim under the federal RICO statute. By this action, plaintiff requested: (1) "All of Shelley Sue Thomson's actual, consequential, and special damages, to be held and administered by Jon Drew Roland in Trust for his beneficiary," (2) treble damages, (3) costs of suit, including attorneys' fees if Roland was forced to hire an attorney, and (4) such other relief which Roland as Trustee for Thomson may be entitled.

Plaintiff's complaint was filed on the same day that a hearing was held in Comal County Court at Law No. 2 in the matter of the Louise G. Thomson's estate (cause Nos. 96PC238 and 2007CV0029) on a motion filed by Roland to have Fomon removed as executor and replaced by Ms. Thomson, for an accounting, and for possession of one-half of the house located at 415 Windsor, New Braunfels.[2] At that hearing, Judge Charles A. Stephens found that Roland was not an attorney, and did not have authority to prosecute or defend on behalf of Shelly Sue Thomson. Judge Stephens

---

[2]Transcript of proceedings in Cause numbers 96PC238 and 2007CV0029, County Court at Law No. 2, Comal County, February 22, 2007, found at Exhibit B attached to docket entry 1, "Notice of Removal" in SA-07-CA-253 OLG.

2

entered a temporary injunction enjoining Roland from practicing law and specifically from signing pleadings or otherwise representing the interests of Ms. Thomson.[3]

Observing that plaintiff Roland appeared to be proceeding on behalf of Ms. Thomson in violation of the injunction, by Order of April 19, 2007 (docket entry 10) I directed Thomson to retain counsel authorized to practice law in this Court and move to substitute parties; i.e., substitute Shelley Sue Thomson for "Jon Drew Roland, Trustee and Attorney in Fact for Shelley Sue Thomson," within 15 days. The Order also advised that noncompliance might result in dismissal.

In response to my Order, Roland filed a motion for leave to file an 18-page amended complaint to add Judge Stephens as a defendant and include federal Civil Rights Act violations and state tort claims. The proposed amendment also seeks to add Ms. Thomson as a plaintiff, joining Roland as Trustee for Thomson.  Significantly, the proposed amended complaint alleges that in April 2007 defendant Fomon relinquished property located at 415 Windsor, New Braunfels -- what plaintiff characterized as "the major asset of her mother's estate constituting the underlying lawsuit filed in State Court."[4] The proposed amended complaint seeks a stay of all State Court proceedings, in addition to damages for the alleged RICO violations. Defendants have filed objections to the motion for leave to amend. They earlier filed motions to dismiss on various procedural and substantive grounds.

On June 25, Ms. Thomson filed a "Notice of Plaintiff Incapacity and Motion for Stay" (docket entry 21) in which she explains that because of recent health issues, Roland is unable to perform any work on this case or perform the duties of Trustee, and that she desires to find and

---

[3]Exhibit A attached to docket entry 1, "Notice of Removal" in SA-07-CA-253 OLG.

[4] Paragraphs 19-21, proposed amended complaint, docket entry 15.

appoint a substitute Trustee and find and hire an attorney to represent her and Roland in this case.

## Applicable Law

Federal Rule of Civil Procedure 16(f) provides that if any party fails to obey a pretrial order the Court may make any orders as are just, including dismissal.[5]  Rule 1 reminds the Court that the rules of procedure are to "be construed and administered to secure the just, speedy and inexpensive determination of every action."

## Analysis

This proceeding, like the related case which this Court remanded to State Court,[6] evolved from the Comal County probate litigation involving Ms. Thomson, Mr. Fomon, and Louise Thomson's estate.  When the State Court litigation began, it appears that Ms. Thomson lived in New Mexico.  Early in 2007 she executed a trust document attempting to confer on Roland all title and interest in the subject property at 415 Windsor, New Braunfels, as well as authority to litigate with respect to the trust.[7]  Roland relies on the trust document as the source of his authority to prosecute this case for Ms. Thomson.  Nevertheless, Judge Stevens found that Roland's conduct in the context of the probate proceeding constituted the unauthorized practice of law.

In April, I informed plaintiff that it appeared that his conduct in this case – attempting to litigate alleged RICO violations on behalf of Ms. Thomson – was in violation of the injunction.  I directed that counsel enter an appearance and Ms. Thomson be substituted for Roland.  I advised

---

[5]F.R.Civ.P. 16(f) incorporates sanctions authorized by F.R.Civ.P. 37(b)(2)(C), including dismissal.

[6]**Roland v. Fomon**, SA-07-CA-253 OLG.

[7]"Declaration of Trust," dated February 2, 2007, attached to Complaint (docket entry 1) as Exhibit D.

plaintiff that noncompliance might result in dismissal.

Roland did not comply with the Court's directive.  Instead he presented a motion for leave to amend and continued to file documents with the Clerk, insisting that the trust document gives him authority to represent Ms. Thomson's interests in court.  Roland's noncompliance justifies imposition of sanctions pursuant to Rule 16(f).

Generally, the sanction of dismissal for violations of Rule 16(f) is disfavored.  However, in light of the recently filed motion by Ms. Thomson in which she advises that Roland's health prevents him from continuing his involvement in this case and in which she asks for unspecified time to "find and appoint a substitute Trustee for the Shelley Thomson Trust, and to find and hire legal counsel," I recommend that the interests of justice would best be served by dismissing this case without prejudice to Ms. Thomson refiling at such time as she can accomplish these tasks.  Recent developments – both Roland's health related restrictions on activities and Fomon's relinquishment of possession of the 415 Windsor address to Ms. Thomson – significantly influence my recommendation.  With Roland's inability to further participate in the case, this Court need not address whether he was in violation of Judge Stephen's order when he filed and actively pursued this case on Ms. Thomson's behalf, and whether his prosecution of this case constituted the unauthorized practice of law.  Ms. Thomson has now received what Roland characterized in the amended complaint as a major asset of the estate.  Although most of Ms. Thomson's claims likely survive the transfer of possession of this property, she is now in Texas and in a far better position to hire counsel to advise her concerning these claims, the costs of pursuing same, and the appropriate forum for this litigation.  After consulting with counsel she may determine that her interests are best served by abandoning the claims or reframing them.  Dismissal without prejudice allows her time to do all of

this with as much speed or leisure as she desires or needs.  Additionally, dismissal minimizes unnecessary expenses for defendants.  If this case is refiled, issues relating to Roland's authority under the trust agreement, violation of the injunction, and unauthorized practice of law questions will become irrelevant, and the parties can focus their resources on the underlying substantive issues.

## Recommendation

For the reasons explained above, I recommend that this case be dismissed without prejudice, and that the motion to stay (docket entry 21) as well as all other pending motions (docket entries 3, 4, 5, 13, 15 and 18) be denied as moot.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this memorandum and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  **The Clerk is also directed to mail a copy of this memorandum and recommendation to Shelley Sue Thomson, 415 Windsor Lane, New Braunfels, Texas 78132.** Written objections to this memorandum and recommendation must be filed within 10 days after being served with a copy of same, unless this time period is modified by the district court.[8]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**   A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party

---

[8]28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

from a *de novo* determination by the district court.[9]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this memorandum and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[10]

      **SIGNED** on July 9, 2007.


NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

    [9]**Thomas v. Arn**, 474 U.S. 140, 149-52 (1985); **Acuña v. Brown & Root, Inc.**, 200 F.3d 335, 340 (5th Cir. 2000).

    [10]**Douglass v. United Servs. Auto. Ass'n**, 79 F.3d 1415, 1428-29 (5th Cir. 1996).